UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL LENARD MACK,

    Plaintiff,

v.                                                    Case No. 3:18-cv-232-J-39MCR

CENTURION OF FLORIDA, LLC, etc.,

    Defendants.
_____

## ORDER

Plaintiff, Michael Lenard Mack, an inmate of the Florida penal system, initiated this action on February 9, 2018, by filing a pro se Civil Rights Complaint (Doc. 1; Complaint).[1] Plaintiff alleges denial of medical care, resulting in deliberate indifference to his serious medical needs. See Complaint at 4. Specifically, Plaintiff claims a "lack of proper medical treatment [for] his serious medical condition of (7) seven herniated disc[s], bulging discs, and degenerative disc disease."[2] Id. Before the Court today is Plaintiff's Motion Requesting a Temporary Restraining Order and Preliminary Injunction (Doc. 4; Motion). In his Motion, Plaintiff states that he is "suffering irreparable harm in the form of continued physical and mental pain and suffering and an increasing risk of further injuring [his] back and neck." Motion at 1. As relief, he seeks "an examination by a qualified [medical] specialist," and compliance with a treatment plan provided by the specialist. Id. at 2.

---

[1] Plaintiff has also filed a Motion to Proceed in Forma Pauperis (Doc. 2).
[2] Plaintiff's allegations are strikingly similar to those he alleges against other Defendants in a case currently pending before this Court, case number 3:15-cv-838-J-32JBT.

As an initial matter, Plaintiff's Motion is due to be denied for his failure to comply with the strictures of Fed. R. Civ. P. 65(b) and Local Rule 4.05(b).[3] Specifically, he has failed to set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to Fed. R. Civ. P. 65(c). Additionally, the Motion does not contain a sufficient memorandum of law in support of the relief he seeks. See Local Rules 3.01(a), 4.05(b)(3)(iv). The Court notes that Plaintiff does reference, in his Motion, a supporting memorandum of law. See Motion at 2. The memorandum of law to which Plaintiff refers, however, is entitled Memorandum of Law in Support of Plaintiff's 1983 Civil Rights Complaint. See Doc. 3. More importantly, Plaintiff's memorandum of law does not set forth reasons that would support the extraordinary relief Plaintiff seeks in his Motion, nor does it comply with Local Rule 4.05(b)(4). Rather, the memorandum of law provides citations to authorities in apparent support of his deliberate indifference claim. See Doc. 3.

Plaintiff has also failed to demonstrate he is entitled to the relief he seeks.

> A [temporary restraining order (TRO)] or preliminary injunction is appropriate where the movant demonstrates that:
>
> (a) there is a substantial likelihood of success on the merits;
>
> (b) the . . . injunction is necessary to prevent irreparable injury[4];
>
> (c) the threatened injury outweighs the harm that the . . . injunction would cause to the non-movant; and

---

[3] See also Local Rule 4.06(b)(1) (requiring a party seeking a preliminary injunction to "fully comply with the procedural requirements of Rule 4.05(b)(1) through (b)(5) . . . pertaining to temporary restraining orders").
[4] The Eleventh Circuit has "emphasized on many occasions, the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" Siegel v. LePore, 234 F.3d 1163, 1176-77 (11th Cir. 2000) (per curiam) (quoting Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990)).

(d) the . . . injunction would not be a[d]verse to the public interest.

Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per curiam). Injunctive relief "is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries [his] burden of persuasion." GeorgiaCarry.Org, Inc. v. U.S. Army Corps of Engineers, 788 F.3d 1318, 1322 (11th Cir. 2015) (quotations and citation omitted); see McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). Plaintiff has not adequately addressed, let alone met his burden of persuasion as to, these four prerequisites for injunctive relief. Notably, this Court has previously denied the Plaintiff similar relief in the other matter he has pending. In that matter, Plaintiff filed a motion requesting medical examination by an outside specialist. The Court denied Plaintiff's motion. See Mack v. Corizon, etc., case number 3:15-cv-838-J-32JBT, Order (Doc. 37), filed October 2, 2017.

For the above-stated reasons, it is

**ORDERED:**

Plaintiff's Motion Requesting a Temporary Restraining Order and Preliminary Injunction (Doc. 4) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 12th day of February, 2018.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6 2/12
c: Michael Lenard Mack

3